UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CONSOLIDATED CASES: |
| | ) | |
| ANTHONY SABETTA, | ) | 00-cr-135-S-PAS |
| IKE WEEMS, | ) | 00-cr-142-M-LDA |
| BRIAN PAIGE, | ) | 03-cr-069-M-PAS |
| ALBERTO RODRIGUEZ, | ) | 04-cr-050-S |
| KENDALL ROSE, | ) | 06-cr-045-M-LDA |
| HENRY LEE, and | ) | 12-cr-008-M-PAS |
| AARON E. YOUNG, | ) | 13-cr-036-S-LDA |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ON MOTION FOR RECONSIDERATION

WILLIAM E. SMITH, Chief United States District Judge, and JOHN J. MCCONNELL, JR., United States District Judge.

In *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551, 2557 (2015), the Supreme Court invalidated the residual clause of the Armed Career Criminal Act (ACCA), *see* 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  In the wake of *Johnson II*, this Court received approximately one hundred motions under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentences of defendants who had been sentenced by this Court.  In these motions, defendants argued that, as a result of *Johnson II*, they no longer have three qualifying predicate convictions under the ACCA or that they are no longer subject to various other sentencing enhancements. The instant defendants, Anthony Sabetta, Ike Weems, Brian Paige, Alberto Rodriguez, Kendall Rose, Henry Lee, and Aaron Young (collectively "the

Defendants"), were among the movants, and each filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct their sentences (collectively "Defendants' Motions to Vacate"). All the Defendants received mandatory sentences of at least 15 years pursuant to the ACCA, which requires a sentence of at least that length for possessing a firearm or ammunition when a person has three prior convictions by any court for violent felonies or serious drug offenses or a combination of both. 18 U.S.C. § 924(e). For persons without three qualifying predicate convictions, the statute permits a maximum sentence of 10 years. 18 U.S.C. § 924(a)(2). The Defendants' Motions to Vacate shared the common issue of whether Rhode Island assault with a dangerous weapon ("ADW") qualifies as a violent felony under the ACCA's force clause. If it does not, the Defendants argued, they no longer have the three predicate offenses necessary to be sentenced under the ACCA, and accordingly, their sentences exceed the statutory maximum allowed by law.

On August 4, 2016, with the consent of all parties, the undersigned District Judges assigned to these cases held a joint hearing on the Defendants' Motions to Vacate. *See* Tr. of Hr'g on Mot. to Vacate at 3–4, *United States v. Weems*, No. 00-142 (D.R.I. Aug. 4, 2016), ECF No. 220 [hereinafter "Mot. to Vacate Hr'g Tr."]. After the hearing, Chief Judge Smith and Judge McConnell independently reached the conclusions on the issues presented and spent months on research in coming to those conclusions in the Memorandum & Order filed on October 24, 2016 ("October 24th Memorandum and Order"). *See generally United States v. Sabetta*, No. 00-CR-135-S-PAS, 2016 WL 6157454, at *12 (D.R.I. Oct. 24, 2016). Before the Court are the

Government's Motions for Reconsideration of the October 24th Memorandum and Order filed in each of the Defendants' cases. *See, e.g.,* United States' Mot. for Recons., *Sabetta v. United States*, No. 00-135 (D.R.I. Oct. 31, 2016), ECF No. 156 [hereinafter "Gov't Mot. for Recons."]. The Defendants oppose the motions. *See, e.g.*, Resp. in Opp. To Gov't's Mot. for Recons., *Sabetta*, No. 00-135, ECF No. 159. The instant Memorandum and Order assumes the reader is familiar with the October 24th Memorandum and Order. For the reasons set forth below, the Government's Motions for Reconsideration are DENIED. The Court will proceed with the hearings on the Defendants' motions to vacate and their re-sentencings.

## BACKGROUND

In its Motions for Reconsideration, the Government takes issue with three main aspects of the Court's October 24th Memorandum and Order: (1) the Court's conclusion that *United States v. Fish*, 758 F.3d 1 (1st Cir. 2014), dictates the result on the federal law issue presented in these cases and, accordingly, with the Court's conclusion that a crime that may be completed with a mens rea of recklessness may not properly serve as an ACCA predicate offense under the force clause; (2) the Court's conclusion that the Rhode Island Supreme Court would sustain a conviction for ADW where the prosecution only proved a mens rea of recklessness; and (3) the Court's application of the rule of lenity. *See generally* Gov't Mot. for Recons., *Sabetta*, No. 00-135, ECF No. 156.

After the Supreme Court issued *Johnson II*, 135 S. Ct. 2551, and then subsequently held that *Johnson II* announced a substantive rule that applied

retroactively on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016), this Court, and district courts around the country, received an onslaught of motions to vacate or reduce sentences under 28 U.S.C. § 2255. The circuit courts of appeals were similarly inundated with filings requesting leave to file successive petitions under § 2255. This put enormous pressure on the attorneys and staff of both the Federal Public Defender's Office and the U.S. Attorney's Office to expeditiously file and respond to motions in these cases, as well as on the judges and staff of this Court to administer and decide the motions expeditiously, fairly, and correctly. The case law, as it stands, raises more questions than it answers, and there is room for reasonable minds to disagree on the outcome of many underlying predicate offenses. Complicating all of this is that, under the categorical approach or the modified categorical approach, the Court must look to the offense of conviction to determine whether the conviction is a violent felony under the ACCA. The First Circuit recently commented on the difficulty this poses:

> In a sensible world, Congress and/or the Sentencing Commission would have made a list of state and federal laws deemed to be crimes of violence that warranted the desired penalties and sentencing enhancements. At its margins, such a list might be over- or under-broad. It would, though, be straightforward.

> Instead of using a simple list, the drafters adopted abstract descriptions of the crimes that would appear on such a list, employing terms such as "physical force," "use," "injury," and so on. The result is a Rube Goldberg jurisprudence of abstractions piled on top of one another in a manner that renders doubtful anyone's confidence in predicting what will pop out at the end.

*United States v. Tavares*, No. 14-2319, 2016 WL 7011523, at *15 (1st Cir. Dec. 1, 2016). This framework leaves the Court, as well as these litigants, scrambling to determine whether our defendants' state convictions for numerous state crimes may

properly serve as predicate offenses under the ACCA, or provide the bases for other sentencing enhancements. When a court, such as our Court here, decides a legal question that presents a close call in favor of the defendants, the Court—upon correcting the sentence and letting a defendant out of jail—risks the defendant being re-incarcerated should the reasonable minds on the Court of Appeals resolve the issue differently. The Court, however, cannot responsibly hold a defendant serving an unlawful sentence while waiting for the case law to sort itself out.

## ANALYSIS

### I.    Standard for Motion for Reconsideration

Rule 60 of the Federal Rules of Civil Procedure[1] provides for relief from "a final judgment, order, or proceeding" where the court finds the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)    fraud    (whether    previously    called    intrinsic    or    extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[1] A court may apply the Federal Rules of Civil Procedure in a matter brought pursuant to 28 U.S.C. § 2255 where the Federal Rules of Civil Procedure are not inconsistent with any statutes or rules governing those matters. *See* Rule 12 of the Rules Governing § 2255 Proceedings for the U.S. District Cts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Fed. R. Civ. P. 60(b). The Government's motions primarily rehash previously made arguments and none of the grounds for relief set forth in Rule 60, above, applies here. On this score, the Court agrees with the Defendants that there is no reason justifying reconsideration of the October 24th Memorandum and Order. *See generally* Resp. in Opp. To Gov't's Mot. for Recons., *Sabetta*, No. 00-135, ECF No. 159. However, since the Government's Motion for Reconsideration was filed, the First Circuit Court of Appeals had occasion to revisit one of the controlling issues in the Defendants' Motions to Vacate. *See Tavares*, 2016 WL 7011523, at *14–15. The Court will take the opportunity to address that issue briefly in light of *Tavares*.

II.   **Whether Recklessness is Insufficient under the ACCA's Force Clause**

In *United States v. Tavares*, the defendant argued that the district court had erred in treating his convictions for Massachusetts resisting arrest and Massachusetts assault with a dangerous weapon ("Massachusetts ABDW") as "crime[s] of violence" under the Sentencing Guidelines. *See id.* at *1. The First Circuit concluded that Massachusetts ABDW is divisible into two "separate aspects"; one form of Massachusetts ABDW is achieved (1) with "the intentional and unjustified use of force upon the person of another, however slight" ("Massachusetts ABDW (1)"); and the other (2) by "the intentional commission of a wanton or reckless act . . . causing physical or bodily injury to another" ("Massachusetts ABDW (2)"). *Id.* at *8–9. Relying on *United States v. Fields*, 823 F.3d 20 (1st Cir. 2016), the court held that Massachusetts ABDW (1) is a crime of violence. *Id.* at *9. The court noted that prior to the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272

(2016), "precedent directly dictated that the reckless, unintentional causing of injury . . . was not a crime of violence under 18 U.S.C. § 16(b)." *Id.* at *14 (citing *United States v. Fish*, 758 F.3d 1, 10–14 (2014)). The holding in *Fish*, the court noted, "was based on the reasoning of *Leocal v. Ashcroft*, 543 U.S. 1 (2004), which interpreted the phrase 'use . . . physical force against the person or property of another' to require 'active employment.'" *Id.* (alteration in original) (first quoting *Leocal*, 543 U.S. at 9 and then citing *Fish*, 758 F.3d at 9–10). Notably, the court stated that "[s]uch reasoning would seem to apply equally to the pertinent Guidelines definition of a crime of violence at issue here" and, accordingly, "*Fish* would dictate that a conviction for the reckless version of [Massachusetts] ABDW is not a crime of violence under U.S.S.G. § 4B1.2(a)(1)." *Id.* The court next recognized that *Voisine* "calls into question the continuing validity of *Fish*, as well as the similar and analogous holdings of at least ten other circuits." *Id.* (citing *Fish*, 758 F.3d at 9–10, 10 n.4). Addressing the arguments on each side, the court acknowledged that it is unclear how *Voisine* affects this issue, and ultimately concluded by stating that the court need not answer this question in *Tavares*. *Id.* at *15. The court remanded the case to have the district court determine in the first instance, using *Shepard* documents, whether the defendant was convicted of the reckless or the intentional version of ABDW. *Id.* at *15–16.

So where does this leave us? The First Circuit had the opportunity to decide whether, post-*Voisine*, an offense that can be committed recklessly is sufficient to serve as a crime of violence under the U.S. Sentencing Guidelines. Rather than

overturning *Fish*, the court chose not to address the issue and remanded the case for further briefing on another issue. Given the reasoning set forth in the October 24th Memorandum and Order concluding that *Voisine* did not alter the holding of *Fish* at issue here, *see Sabetta*, 2016 WL 6157454, at \*7–9, and that the First Circuit has revisited that very same issue and did not take the liberty to depart from the reasoning in *Fish*, the Court is resolute in its ruling.

The Government makes much of the fact that *Fish* discussed the force clause in 18 U.S.C. § 16, but resolved the issue using the residual clause of that statute. *See* Gov't Mot. for Recons. at 1–2, *Sabetta*, No. 00-135, ECF No. 156 (arguing that "the discussion of the force clause in *Fish* was dicta, as the Court based its holding on the residual clause in § 16 rather than the force clause." (quoting *Fields*, 823 F.3d at 35 n.12)). The Government does not, however, acknowledge that this Court clearly stated:

> Strictly speaking, *Fish*'s holding applied only to the definition of the word "use" in 18 U.S.C. § 16(b), which is the statute's residual provision defining a "crime of violence." 758 F.3d at 9. The logic of the opinion, however, extends to the use of that word in the statute's force clause, 18 U.S.C. § 16(a), and therefore to the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i), which defines a "violent felony." Other cases have made those connections.

*Sabetta*, 2016 WL 6157454, at \*8. Though the above language should make this plain, to be clear, the Court's references to being bound by *Fish* were intended to convey that the First Circuit had addressed a close analogue. This Court, as a district court in the First Circuit, found that analysis sufficiently compelling, and indistinguishable, to follow it. Put another way, this Court and a number of other

district courts in this Circuit share the view[2] that the reasoning set forth in *Fish,* as well as the other cases cited in this Court's October 24 Memorandum and Order, dictate the result on this matter and that *Voisine* did not sufficiently undermine the reasoning in *Fish* to change course on the issue. *Tavares* only bolsters this conclusion. *See Tavares*, 2016 WL 7011523, at *14 ("Our holding in *Fish* was based on the reasoning of *Leocal v. Ashcroft*. . . . Such reasoning would seem to apply equally to the pertinent Guidelines definition of a crime of violence at issue here. Thus, *Fish* would dictate that a conviction for the reckless version of ABDW is not a crime of violence under U.S.S.G. § 4B1.2(a)(1). *Voisine*, though, calls into question the continuing validity of *Fish*, as well as the similar and analogous holdings of at least ten other circuits."). Accordingly, the Court declines the Government's offer to reconsider its rulings.

## III. Remaining Issues

With respect to the other issues addressed by the Government in the Motions for Reconsideration, the Government offers no new arguments and simply rehashes those addressed before. The Court has no illusions about the arduous task the Defendants may have on appeal, if the Government chooses to appeal. No one but the judges of the First Circuit, and perhaps ultimately the justices of the Supreme Court, can clarify the state of the law in this area. As district court judges, the best

---

[2] *See, e.g., Bennett v. United States*, No. 1:16-CV-251-GZS, 2016 WL 3676145, at *4 (D. Me. July 6, 2016); Tr. of Mot. Hr'g Day Two at 4:7–11, 21:14–18, *Ford v. United States*, No. 05-10326 (D. Mass. Nov. 16, 2016), ECF No. 114. *But see United States v. Webb*, No. CR 01-10267-WGY, 2016 WL 6647929, at *12 (D. Mass. Nov. 9, 2016).

we can do is rule on the law as it appears to us until further guidance is provided by

the appellate courts.  As Judge Kayatta, who was also the authoring judge in *Fish*,

wrote in *Tavares*:

> What pops out [i.e., whether an offense is deemed a "crime of violence"]
> matters a great deal.  In *Fish*, one could not know whether certain
> conduct was lawful or criminal unless one knew whether a prior crime
> was a crime of violence.  Here, Tavares could not know—within years—
> the guidance applicable to his sentencing.  Nor could one get confident
> answers by asking a lawyer—or even a judge.

*Id.* at *15.

## CONCLUSION

For the reasons set forth above, the Government's Motions for Reconsideration

are DENIED.[3]  The Court will proceed with the motion hearings and re-sentencings

of the Defendants.

IT IS SO ORDERED.

_____                         */s/ John J. McConnell, Jr.*

William E. Smith                                 John J. McConnell, Jr.
Chief United States District Judge               United States District Judge

December 8, 2016

---

[3] United States' Motions for Reconsideration: *Sabetta v. United States*, No. 00-135 (D.R.I. Oct. 31, 2016), ECF No. 156; *Weems v. United States*, No. 00-142 (D.R.I. Oct. 31, 2016), ECF No. 225; *Paige v. United States*, No. 03-69 (D.R.I. Oct. 31, 2016), ECF No. 74; *Rodriguez v. United States*, No. 04-50 (D.R.I Oct. 31, 2016), ECF No. 147; *Rose v. United States*, No. 06-45 (D.R.I. Oct. 31, 2016), ECF No. 38; *Lee v. United States*, No. 12-008 (D.R.I. Oct. 31, 2016), ECF No. 60; *Young v. United States*, No. 13-36 (D.R.I. Oct. 31, 2016), ECF No. 58.